IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| ELIAS DE LA ROSA PENA | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:13cv708 |
| CHARLES A. DANIELS | § | |

Consolidated With

| ELISA DE LA ROSA PENA | § | |
|---|---|---|
| | § | CIVIL ACTON NO. 1:16cv27 |
| LORETTA LYNCH | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Elias De La Rosa Pena, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The case was assigned civil action number 1:13cv708. Petitioner challenged a determination by the Secretary of State that he be extradited to Mexico.

The Court referred the petition to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that the petition assigned civil action number 1:13cv708 be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The Court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

The Magistrate Judge thoroughly considered each of petitioner's grounds for review. After carefully considering petitioner's objections, the Court agrees with the Magistrate Judge's conclusions.

Petitioner also complains that the Magistrate Judge failed to consider three points he raised. First, petitioner asserts the Magistrate Judge did not consider his complaint that the Amended Final

Judgment of Certification of Extraditability failed to comply with 18 U.S.C. § 3184. Section 3184 provides that if the judge deems the evidence sufficient to sustain the charges which forms the basis for the request for extradition, "he shall certify the same, together with a copy of all testimony taken before him, to the Secretary of State ...." United States Magistrate Judge Peter Ormsby considered Mexico's request that petitioner be extradited. On February 12, 2012, Magistrate Judge Ormsby concluded petitioner was extraditable for the offenses for which extradition was sought and issued a Final Judgment of Certification of Extraditability. The Final Judgment directed the Clerk of Court to transmit a copy of the Final Judgment, along with a copy of all the evidence and a copy of the complaint, to the Secretary of State. On March 19, 2012, Magistrate Judge Ormsby issued an Amended Final Judgment of Certification of Extraditability. The only differences between the Final Judgment and the Amended Final Judgment were: (1) in the first paragraph a reference to petitioner as Elias De La Rosa Pena was changed to refer to petitioner as Mr. De La Rosa Pena and (2) the Amended Final Judgment stated only that a copy of it was to be forwarded to the Secretary of State, deleting the instruction to transmit copies of the evidence and the complaint. Petitioner contends that as the Amended Final Judgment did not direct the clerk to transmit a copy of the evidence and complaint to the Secretary of State, the Secretary did not receive a copy of the evidence as required by Section 3184.

Petitioner's contention is without merit. When Magistrate Judge Ormsby entered his Final Judgment, he directed the clerk to transmit a copy of the evidence and the complaint to the Secretary. There was no need for Magistrate Judge Ormsby to repeat this instruction when he entered his Amended Final Judgment. Instead, the Amended Final Judgment directed the clerk to transmit the only new document in the case, the Amended Final Judgment itself, to the Secretary. The court had already directed the clerk to transmit copies of the evidence and the complaint.

Petitioner also states the Magistrate Judge failed to consider his assertion that Magistrate Judge Ormsby's oral pronouncement regarding probable cause was deficient because it failed to contain specific findings concerning each offense with which petitioner was charged.

This contention is also without merit. Magistrate Judge Ormsby's main oral pronouncement concerning his finding of probable cause is set forth on pages 10 and 11 of the Report and Recommendation. Magistrate Judge Ormsby considered three of the four offenses with which petitioner was charged: kidnapping, aggravated robbery and homicide, and concluded there was sufficient probable cause for each charge. Further, while Magistrate Judge Ormsby did not make a specific pronouncement concerning the remaining charge of criminal association, he did, while describing the evidence against petitioner, state there was evidence that petitioner was involved in a group that was committing kidnappings. Moreover, the Final Judgment and the Amended Final Judgment included Magistrate Judge Ormsby's written conclusion that there was sufficient evidence to support all four of the charges against petitioner. As a result, the Court is unable to conclude that Magistrate Judge Ormsby's pronouncement regarding probable cause was deficient.

Finally, petitioner complains that Magistrate Judge Ormsby failed to conclude that all of the charges against petitioner were extraditable under the extradition treaty between Mexico and the United States and punishable by more than one year of imprisonment. He states such a finding is required because the treaty is a dual-criminality treaty.[1]

Magistrate Judge Ormsby conducted three hearings regarding this matter. During the second hearing, he stated that offenses were extraditable under the treaty if they were punishable by the laws of both contracting parties by a maximum sentence of not less than one year. He then concluded that the offenses petitioner was charged with committing were extraditable offenses and that the potential penalties for the offenses included maximum sentences of more than one year of imprisonment. While Magistrate Judge Ormsby did not specifically state that the offenses were punishable under the laws of both countries, his statement that the offenses were extraditable must, in light of the way he had previously defined an extraditable offense, be considered to include his conclusion that the offenses were punishable under the laws of both countries.

---

[1] "The principal of dual criminality dictates that a fugitive may be extradited only if the acts constituting the offenses are criminal in both the jurisdiction in which the fugitive is found and the jurisdiction to which the fugitive's extradition is sought." *In re Extradition of Lahoria*, 908 F. Supp. 802, 810 (N.D. Tex. 1996).

Even if Magistrate Judge Ormsby did not find that the offenses were punishable under the laws of both countries, the offenses were clearly extraditable under the treaty. Under Article 2 of the treaty, extradition shall take place for willful acts which: (a) fall within any of the clauses of the Appendix to the treaty and (b) are punishable in accordance with the laws of each party by imprisonment for a maximum term of not less than one year. Paragraph 4 of Article 2 further provides that extradition shall be granted for participating in a conspiracy to commit an extraditable offense or for participating in the execution of an extraditable offense. Murder, manslaughter, kidnapping and robbery are listed in the Appendix to the treaty. In addition, criminally associating with other individuals to commit such offenses would be an extraditable offense under the treaty. As petitioner's offenses were also punishable by a maximum term of imprisonment of not less than one year, his offenses are extraditable under the treaty.

After the Magistrate Judge submitted his Report and Recommendation, petitioner filed a second petition challenging his extradition. The second petition was assigned civil action number 1:16cv27. An order was entered consolidating the second petition with the original petition.

Six of the seven grounds for review raised in the second petition were raised in the first petition and/or the objections to the Report and Recommendation. For the reasons set forth above and in the Report and Recommendation, these grounds for review are without merit.

As stated above, one of the offenses for which petitioner is being extradited is aggravated robbery. In the first ground for review in his second petition, petitioner asserts that extraditing him for this offense violated the extradition treaty between the United States and Mexico because this offense occurred within the sole territorial jurisdiction of the State of Texas. Article 1 of the treaty provides that the parties agree to extradite persons who are charged with an offense committed within the territory of the country seeking extradition.

Hector Alejandro Herrera Garcia gave a statement providing that he had been a member of a kidnapping and robbery gang that included petitioner and Ruben Hernandez. The gang had committed seven kidnappings. He stated he and Mr. Hernandez kidnapped the victim at gunpoint in Mexico. They took the victim to a house in Mexico where a man whose first name was Rene

lived. Mr. Herrera Garcia telephoned petitioner at his home in McAllen, Texas, to tell him another person had been kidnapped.

Mr. Herrera Garcia stated that petitioner arrived at the house in Mexico approximately 25 minutes later and asked if the victim had any credit cards. After receiving an affirmative reply, petitioner indicated that he wanted to take the victim's credit cards and identification documents and leave immediately. Mr. Herrera Garcia told petitioner that they had to talk to the victim first and see if a ransom could be paid.

Petitioner then drove away in the victim's BMW to begin falsifying the identification documents so that he could use the credit cards. At his house in Hidalgo, Texas, petitioner placed his photograph in one of the documents and Mr. Herrera Garcia's photograph in the victim's passport so they could both use the credits cards. Mr. Herrera Garcia stated that he and petitioner then went to McAllen and made purchases at various stores using the victim's credit cards.

Articles 399 and 405 of the Criminal Code of the State of Tamaulipas provide that the crime of robbery is "committed by whoever takes possession of someone else's properties," with the penalty being increased if the robbery is committed through violence. Violence includes intimidating a person with serious, current and immediate damage. In addition, Article 39 provides that a person is responsible for a crime if he, as a result of a previous agreement, assists the perpetrators after they have committed the crime.

There was evidence showing that prior to the abduction of the victim, petitioner, Mr. Herrera Garcia and Mr. Hernandez were part of a gang who kidnapped people, robbed them and held them for ransom. There was also evidence Messrs. Herrera Garcia and Hernandez, in Mexico, kidnapped the victim at gunpoint, and took his automobile, identification documents and credit cards. Petitioner subsequently assisted in the robbery by modifying the victim's identification documents so that the credit cards could be used to make purchases. This evidence demonstrates that Messrs. Hernandez and Herrera Garcia took possession of the victim's properties through violence. These actions occurred in Mexico. Under Article 39, petitioner subsequently became criminally responsible for their actions when he, after having previously agreed to participate with them in a

kidnapping and robbery gang, assisted them by modifying the identification documents so that the credit cards could be used to make purchases. As petitioner was criminally responsible for the actions of Messrs. Hernandez and Herrera Garcia, and as their actions occurred in Mexico, the country seeking extradition, extraditing petitioner for the offense of aggravated robbery did not violate the treaty. This ground for review is therefore without merit.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. In addition, the grounds for review asserted in the second petition are without merit. A final judgment will be entered denying these consolidated petitions.

So **ORDERED** and **SIGNED** this **8** day of **February, 2016.**

_____
Ron Clark, United States District Judge